UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DR. EARL J. CROSSWRIGHT,**

    Plaintiff,

v.                      **CASE NO.: 3:20-cv-05963-MCR-HTC**

**ESCAMBIA COMMUNITY CLINICS, INC. d/b/a COMMUNITY HEALTH NORTHWEST FLORIDA,**

    Defendant.

_____/

### DEFENDANT ESCAMBIA COMMUNITY CLINICS, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, **ESCAMBIA COMMUNITY CLINICS, INC. d/b/a COMMUNITY HEALTH NORTHWEST FLORIDA** ("CHNF" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6) and N.D. Fla. Loc. R. 7.1, moves to dismiss the Second Amended Complaint [(Doc. 42)] filed by the Plaintiff, **DR. EARL J. CROSSWRIGHT** ("Plaintiff"), with prejudice.

### SUMMARY OF ARGUMENT

Succinctly, the Second Amended Complaint continues to defy this Court's orders and the Federal Rules of Civil Procedure, for this reason and pursuant to this Court's July 26, 2021 Order the Second Amended Complaint should be dismissed

with prejudice. CHNF is cognizant of this Court's limited time and resources, accordingly, this Motion will only briefly highlight the continued deficiencies in the Second Amended Complaint and incorporates into this Motion the case law and arguments included in Section I of CHNF's Motion to Dismiss Amended Complaint (Doc. 29 at 5-8). *See* <u>Lowden v. William M. Mercer, Inc.</u>, 902 F. Supp. 2d 212, 216 (D. Mass. 1995) ("it is appropriate to incorporate by reference made in a motion to dismiss an original complaint despite the subsequent amendment of the complaint "); *see also* <u>Shular v. Regency House of Wallingford, Inc.</u>, Case No. 3:05CV480 (RNC), 2006 WL 118383 (D. Conn. Jan. 13, 2006) (same).

## **PROCEDURAL HISTORY AND NATURE OF THE CLAIMS**

1.   On July 26, 2021[1] this Court issued an Order granting in part and denying in part CHNF's second Motion to Dismiss, and dismissed Plaintiff's claims for civil theft and unjust enrichment with prejudice, noting Plaintiff "blatantly disregarded the Court's unambiguous directive by once again combining his claims for civil theft and unjust enrichment." (Doc. 35 at 2). The Court also gave Plaintiff one "last" "opportunity to amend" the Complaint. *Id.* at 4. However, in doing so, the Court made clear that "[i]f Plaintiff's second amended complaint [did] not remedy

---

[1] As this Court is aware of the prior history in this case, CHNF omits discussion of this Court's previous dismissals and CHNF's first and second motions to dismiss.

2

the deficiencies identified in [its] Order, the Court [would] dismiss the entire case with prejudice." *Id.* at 5. One of the deficiencies noted by this Court was the Amended Complaint's continued combination of multiple claims for relief into a single count. *Id.* at 3-4.

2. Plaintiff has now filed its Second Amended Complaint.[2] (Doc. 40). The Second Amended Complaint includes the following claims:

  a. **Count I** – Breach of Contract

  b. **Count II** – Tortious Interference with a Business Relationship During Employment

  c. **Count III** – Tortious Interference with a Business Relationship After Termination

  d. **Count IV** – Tortious Interference with a Prospective Business Relationship

  e. **Count V** – Termination for Report of Failure to Adopt Covid Remediation as required by OSHA

  f. **Count VI** – Florida Civil Rights Act – Race Discrimination

  g. **Count VII** – Florida Civil Rights Act – Job Discrimination

  h. **Count VIII** – Florida Civil Rights Act – Retaliation

---

[2] On August 12, 2021, Plaintiff filed a revised Second Amended Complaint, which is the operative complaint. (Doc. 42). The revised Second Amended Complaint is identical to the original Second Amended Complaint, with the exception that the revised Second Amended Complaint, includes documents Plaintiff inadvertently failed to attach to the original Second Amended Complaint.

3

      i.      **Count IX** – Florida Public Whistleblower Act – Retaliation

3.      Contemporaneously, Plaintiff filed a Motion for Remand, arguing that because Plaintiff had dismissed or dropped all federal claims for relief, the Court should now remand the case back to state court. (Doc. 41). That motion was denied on August 18, 2021 (Doc. 44).

## BASES FOR DISMISSAL AND SUPPORTING MEMORANDUM OF LAW[3]

**I.    Like the Initial Complaint, and the Amended Complaint, the Second Amended Complaint is an Impermissible "Shotgun Pleading" Because it Includes Different Claims within a Single Count**

The Second Amended Complaint continues to pursue multiple theories of recovery, including theories that are governed by different legal standards, in the same count. Specifically, Count Four alleges a claim for tortious interference with a prospective business relationship, but then goes on to allege that "[i]n addition to other Florida law, Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")," citing to F.S. § 501.204 (2021) and setting forth the elements for a claim under FDUTPA. (Doc. 40 at ¶¶ 75-77). Just two paragraphs later, in the same count, Plaintiff refers to examples of "illegal restraints constituting tortious interference with a business relationship." *Id.* at ¶ 80. Tortious Interference

---

[3] This Court is well versed in the standards applicable to motions to dismiss; as such, CHNF does not reiterate those standards here.

with a Business Relationship and violation of FDUPTA are two separate causes of action under Florida law, one common law and one statutory, and it is entirely unclear which, if either, Plaintiff is attempting to raise in Count Four.

Twice this Court has expended its time and resources counseling Plaintiff on one of the most fundamental and basic rules of pleading and twice Plaintiff has failed to correct the deficiencies. Accordingly, because "Plaintiff's second amended complaint [does] not remedy the deficiencies identified in [the Court's July 26, 2021] Order," CHNF now asks this Court to "dismiss the entire case with prejudice." (Doc. 35 at 5).

## **CONCLUSION**

For the foregoing reasons, the Second Amended Complaint should be dismissed with prejudice, along with such other and further relief as the Court deems appropriate.

Dated this 23rd day of August, 2021.

[THIS SECTION LEFT INTENTIONALLY BLANK]

Respectfully submitted,

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

and

/s/ *Vickie A. Gesellschap*
**VICKIE A. GESELLSCHAP**
Florida Bar Number: 502456
vgesellschap@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
700 South Palafox Street
Suite 95
Pensacola, FL 32502
Telephone: (850) 741-2510
Facsimile: (850) 857-8500

*Counsel for Escambia Community Clinics, Inc. d/b/a Community Health Northwest Florida*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 998 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of August, 2021, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**